UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEVIN LAMONT GREEN,

Petitioner,

v.  4:14-cv-170
    4:12-cr-207

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Kevin Green was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g). ECF No. 1 at 1. He has now filed a Motion under 28 U.S.C. § 2255, in which he seeks relief on the ground that his counsel at sentencing was ineffective. *Id.* The Government opposes Green's Motion, arguing that Green waived his right to collaterally attack his sentence on these grounds. ECF No. 5.

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily," and the Eleventh Circuit "ha[s] consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). In order for a waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Here, Green waived his right to appeal unless his sentence exceeded the statutory maximum or the advisory guideline range. *See* 4:12-cr-207-BAE-GRS, ECF No. 55 at 9-10. His § 2255 Motion raises only the claim that his counsel at sentencing was ineffective. *See* ECF No. 1. Since this is not a claim permitted by his waiver, it is barred.

The Government has also met its burden of showing that Green's waiver is enforceable. At the Rule 11 hearing, the Court questioned Green thoroughly to determine whether his plea and waiver were entered knowingly and voluntarily. ECF No. 93 at 28-29. The Court also found at the hearing that Green understood the substance and consequences of his waiver. *Id.* at 33. Therefore, the Court reiterates its finding that Green's waiver was entered knowingly and voluntarily.

Green waived the right to challenge his sentence on the grounds he raises in his § 2255 Motion. The Government has asked the Court to enforce Green's knowing and voluntary waiver. Therefore, the Court **GRANTS** the Government's Motion to Dismiss, ECF No. 5.

This 2 day of February 2015.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA